# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1207-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Elizabeth Farrell, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>v.<br><br>Elizabeth Farrell,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST FARRELL

| | |
|---|---|
| OPINION FILED: | September 10, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2019AP1207-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Elizabeth Farrell, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

               **Complainant,**

**v.**

**SEP 10, 2019**

               Sheila T. Reiff
             Clerk of Supreme Court

**Elizabeth Farrell,**

               **Respondent.**

_____

     ATTORNEY   disciplinary   proceeding.   *Attorney   publicly reprimanded.*


     ¶1  PER CURIAM.   The Office of Lawyer Regulation (OLR) and Attorney Elizabeth Farrell have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Farrell be publicly reprimanded, as discipline reciprocal to that imposed by the Supreme Court of the State of Oregon.   Because this matter was resolved without the need to appoint a referee, we do not impose any costs upon Attorney Farrell.

     ¶2  Attorney Farrell was admitted to practice law in Wisconsin in 1999.   She was admitted to practice law in the

state of Oregon in 2001. According to the stipulation, Attorney Farrell's most recent professional address was in the state of Oregon.

¶3 Attorney Farrell's Wisconsin law license was suspended in 2009 for failure to pay state bar dues and comply with signing the trust account certificate on her dues statement. Her Wisconsin law license remains suspended.

¶4 On May 17, 2019, the Supreme Court of the State of Oregon publicly reprimanded Attorney Farrell upon a finding that she failed to take necessary steps to protect her client's interests upon termination of representation. Attorney Farrell failed to notify the OLR of the Oregon public reprimand within 20 days of its effective date. According to the stipulation, Attorney Farrell did not realize she was required to notify the OLR of the public reprimand, and she had been under the belief that her Wisconsin law license was inactive.

¶5 On July 3, 2019, the OLR filed a disciplinary complaint alleging that Attorney Farrell should be subject to reciprocal discipline due to the public reprimand imposed by the Supreme Court of the State of Oregon.[1] The parties' stipulation was filed on July 30, 2019. In the stipulation, Attorney Farrell agreed that the facts alleged in the OLR's complaint supported the imposition of a public reprimand as reciprocal discipline.

---

[1] On July 23, 2019, the OLR filed an amended complaint which made ministerial changes to an exhibit.

¶6 Under SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction, unless one or more of three exceptions apply. In her stipulation with the OLR, Attorney Farrell states she does not claim any of the exceptions in SCR 22.22(3). She agrees that this court should impose a public reprimand as sought by the OLR.

¶7 Attorney Farrell further states that the stipulation was not the result of plea bargaining, that she understands the misconduct allegations against her and her right to contest the matter, and that she is aware of the potential ramifications of the stipulated level of discipline. She acknowledges her right to consult with counsel. She asserts that she is entering into the stipulation knowingly and voluntarily, and that her entry into the stipulation represents her decision not to contest the misconduct allegations or the level of discipline sought by the OLR.

¶8 Having reviewed the matter, we accept the stipulation and impose a public reprimand, as discipline reciprocal to that imposed by the Supreme Court of the State of Oregon. Because this matter has been resolved through a stipulation without the need to appoint a referee and the OLR has not sought the imposition of costs, we do not impose costs in this matter.

¶9 IT IS ORDERED that Elizabeth Farrell is hereby publicly reprimanded.

3